Daniels, J.
Letters testamentary had been issued to Barker Place under the will of the testatrix, which were *534 afterwards revoked, and he was removed from his office as executor by a decree of the surrogate. The appellant then applied by petition to the surrogate to be appointed administrator of the estate with the will annexed, upon the ground that it was still unsettled, and he was entitled to the appointment as- the husband of the deceased testatrix. Strenuous opposition was made to this application, and the surrogate, upon a hearing of the parties, finally appointed the respondent who is a residuary legatee under the will of the testratrix. Isabella Place Sullivan was another of the residuary legatees, but she declined to take out letters upon the estate and as Barker Place had been removed, the only remaining eligible person sustaining that relation to the estate, was the appointee of the surrogate under the order from which the appeal has been taken. Her appointment was resisted because of the fact that the remaining asset of the estate unadministered consisted of a large demand against her husband.. This demand had been put in suit and resulted in a judgment in his favor, from which an appeal had been taken, and it has been urged in support of the present appeal, that, her selection should not have been made on account of the improbability of her prosecuting the appeal diligently and vigorously against her husband. But that she will omit the discharge of the duty legally resting upon her to proceed with the prosecution of the appeal, is not upon a simple conjecture to be assumed.
The presumption on the other hand, is that she will discharge the duties which the law enjoins upon her as the administratrix of the estate. This will not require her personal services beyond the employment of skilful and competent counsel, who will be able to understand and present the case, for the decision of the appellate tribunal. And without proof that she will disregard this duty, it is not to be inferred that any danger exists of the least neglect or dereliction on her part. But if as a matter of fact she should fail to discharge this duty, then under subdivision 2 of section 2685 of the Code of Civil Procedure, the surrogate has been authorized to remove her from her office. For wherever an executor, or administrator, shall improvidently manage the estate, or property, committed to his, or her, charge, there the surrogate has been empowered to remove the delinquent person from the office to which he or she may have been appointed.
_ By subdivision 1 of section 2643 it was made the imperative duty of the surrogate to make the appointment as he did. For that has provided in the contingency arising in this case that the surrogate shall appoint one or more of the residuary legatees who are qualified to act as administrators. The only persons not competent or qualified to act as such *535 are those which have been mentioned in the Revised Statutes, and the case of this appointee is within neither of the classes there described. 3 R. S. (7th ed.), 2289, § 3.
She was, therefore, qualified to act as administratrix of the estate. And as one of the other residuary legatees was not so qualified, and the other declined to act, the surrogate had no discretion to exercise, but he was bound to take the respondent in the appeal as the only individual he was at liberty to accept.
The mandatory effect of section 2643 is not qualified or changed by section 2693 of the Code of Civil Procedure. The object of the latter enactment was to provide for a class of cases not included in the preceding section.
Its effect is, where appointments cannot be made under section 2643, to invest the surrogate with the authority, still to grant letters of administration in the same manner as if no preceding letters had been, or could, under the other provisions, be issued upon the estate. And, by the latter branch of the section, the appointment is to be secured through the like proceedings as are provided for in a case of intestacy. As the application and affidavits connected with it were presented to the surrogate, he exercised the authority conferred upon him, as that was directed by section 2643 of the Code. And the order or decree from which the appeal has been taken should be affirmed, without costs.
Davis and Brady, JJ„ concur.